# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MIRANDA B.,**
**Petitioner Below, Petitioner**

**vs.)  No. 22-ICA-130** (Fam. Ct. Roane Cnty. No. 21-D-31)

**TIMOTHY O.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Miranda B.[1] appeals the Family Court of Roane County's September 6, 2022, "Order from Final Hearing Bifurcated Issues." Miranda B. asserts that the family court clearly erred and abused its discretion in awarding permanent spousal support in the amount of $1,750 per month to the respondent. Respondent Timothy O. timely responded in support of the family court ruling. Miranda B. did not file a reply.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, we find that there is error in the family court's decision but no substantial question of law. The case is appropriate for disposition in a memorandum decision. For the reasons set forth below, we remand this case to the family court for further proceedings consistent with this decision.

In its September 6, 2022, order, the family court awarded Timothy O. both child support and permanent spousal support. With respect to spousal support, the court discussed the spousal support factors set forth in West Virginia Code § 48-6-301 (2018). The court found that an award of spousal support was appropriate due to Miranda B.'s infidelity, her use of controlled substances, and because Timothy O. performed the majority

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n. 1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Miranda B. is represented by Erica Brannon Gunn, Esq. Timothy O. is represented by Leah R. Chappell, Esq. The guardian ad litem, Leslie L. Maze, Esq., filed a short response indicating that her participation was not necessary given the singular issue of spousal support on appeal herein.

1

of the child-rearing functions, which had benefitted Miranda B.'s career. The court found that Timothy O. demonstrated financial need over and above the amount of child support he would receive.

However, while the family court did discuss the statutory factors, it is unclear from the order how the family court arrived at the amount of $1,750 per month and why the court decided to make this a permanent award. From a review of various factual findings in the order, this amount appears to exceed Miranda B.'s available income. Specifically, the family court found that her net monthly earnings are $5,513 while her monthly expenses (not counting the spousal or child support obligations) total $4,285. In addition, the court ordered her to pay $857.58 per month in child support until the parties' child graduates from high school, resulting in a negative monthly balance of approximately $1,380.

Generally, we review a family court appeal pursuant to the standards set forth by the Supreme Court of Appeals of West Virginia in the Syllabus of *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004). However, such standards contemplate sufficient findings of fact and conclusions of law to facilitate a meaningful review. The Supreme Court has said that to properly review an order of a family court:

> "The order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record."). "Where the lower tribunals fail to meet this standard- i.e., making only general, conclusory, or inexact findings-we must vacate the judgment and remand for further findings and development." *Province*, 196 W. Va. at 483, 473 S.E.2d at 904.

*Collisi v. Collisi*, 231 W. Va. 359, 363-64, 745 S.E.2d 250, 254-55 (2013) (per curiam).

Here, the family court's September 6, 2022, order does not contain sufficient findings of fact and conclusions of law to support its decision to award Timothy O. $1,750 per month in permanent spousal support given Miranda B.'s net monthly income and expenses. Accordingly, we remand this matter to the family court with directions to issue a new order that includes detailed findings of fact and conclusions of law to permit meaningful appellate review by establishing and justifying how the amount and duration of Timothy O.'s permanent spousal support was determined. The Clerk is directed to issue the mandate contemporaneously with this memorandum decision.

Remanded with Directions.

**ISSUED:** February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen